IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01471-BNB

MICHAEL RUDKIN,

       Plaintiff,

v.

DAVID ALLRED,
GREEN,
LOPEZ,
ANTHONY OSAGIE,
C.A. WILSON, and
BUREAU OF PRISONS,

       Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

      Plaintiff, Michael Rudkin, is a prisoner in the custody of the United States Bureau of Prisons at the United States Penitentiary, Administrative Maximum, in Florence, Colorado.  Mr. Rudkin has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), claiming that his rights under the United States Constitution have been violated.

      The court must construe the Prisoner Complaint liberally because Mr. Rudkin is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Rudkin will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The court has reviewed the Prisoner Complaint and finds that the Prisoner Complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Rudkin fails to provide a short and plain statement of his claims showing that he is entitled to relief because the Prisoner Complaint consists primarily of conclusory legal arguments without any supporting factual allegations.  It is clear that Mr. Rudkin is asserting two Eighth Amendment claims that relate to the medical treatment he has received for his shoulders and ankle.  It also is clear that Mr. Rudkin believes he needs an MRI and other unspecified medical treatment and that the individual Defendants in

2

general have denied an MRI and provided only pain medication.  However, Mr. Rudkin

fails to allege in support of his Eighth Amendment claims specifically when each

Defendant acted or failed to act or what each Defendant did that allegedly violated his

rights.  Mr. Rudkin cannot state an arguable claim for relief by alleging in conclusory

fashion that three of the individual Defendants have told him at unspecified times in the

last year that he does not need an MRI and that the other two individual Defendants

have told him at some unspecified time in the past, perhaps when Mr. Rudkin was

incarcerated at a different prison, that an MRI would be too expensive.  It also is not

clear what claim, if any, Mr. Rudkin is asserting against the Bureau of Prisons.

Therefore, Mr. Rudkin will be ordered to file an amended complaint if he wishes

to pursue his claims in this action.  In order to state a claim in federal court, Mr. Rudkin

"must explain what each defendant did to him or her; when the defendant did it; how the

defendant's action harmed him or her; and, what specific legal right the plaintiff believes

the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158,

1163 (10th Cir. 2007).  Legal argument is not necessary or appropriate.  Instead, Mr.

Rudkin must provide "a generalized statement of the facts from which the defendant

may form a responsive pleading."  *New Home Appliance Ctr., Inc., v. Thompson*, 250

F.2d 881, 883 (10th Cir. 1957).  "It is sufficient, and indeed all that is permissible, if the

complaint concisely states facts upon which relief can be granted upon any legally

sustainable basis."  *Id.*  Furthermore, the general rule that *pro se* pleadings must be

construed liberally has limits and "the court cannot take on the responsibility of serving

as the litigant's attorney in constructing arguments and searching the record."  *Garrett v.*

*Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Accordingly, it is

ORDERED that Mr. Rudkin file, **within thirty (30) days from the date of this order**, an amended Prisoner Complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Rudkin shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Rudkin fails to file an amended Prisoner Complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED August 13, 2012, at Denver, Colorado.

BY THE COURT:


 s/ Craig B. Shaffer
United States Magistrate Judge